IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ERIC SYVERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:19-CV-217 |
| | ) | |
| RAINES FELDMAN, LLP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND JUDGMENT**

The defendants move to dismiss on several grounds. The evidence submitted by the defendants shows that none of them have any contacts with the state of North Carolina. Plaintiff Eric Syverson did not respond to the motion to dismiss or submit any evidence in opposition. A review of the complaint does not disclose any actions taken by any defendants in North Carolina. The Court will therefore dismiss the complaint for lack of personal jurisdiction.

As there is no claim that any defendant had continuous and systematic activities in North Carolina, and as all the evidence shows otherwise, general jurisdiction does not exist. *See ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002). Similarly, there is no claim that any defendant has purposefully availed himself of the privilege of conducting activities in the state or that Mr. Syverson's claims arise out of those activities. As the evidence shows otherwise and exercising personal jurisdiction over the defendants would be constitutionally unreasonable here, specific jurisdiction does not exist. *Id.* at 712. The ultimate burden to establish jurisdiction is on Mr.

Syverson, who has failed to make a prima facie showing of personal jurisdiction, *see Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009), and the Court will therefore grant the motion to dismiss.

Mr. Syverson is reminded that there are rules in force in both the North Carolina state courts and this Court that impose duties on a person who files a complaint or other papers with a court. A litigant who files papers for an improper purpose or who makes claims unwarranted by law or unwarranted by a non-frivolous argument for altering existing law, or which have no evidentiary support, is subject to sanctions under Rule 11 of the North Carolina Rules of Civil Procedure or Rule 11 of the Federal Rules of Civil Procedure. The Court also has the inherent authority to impose sanctions when a litigant abuses the judicial process. *See generally, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 35 (1991).

Given the obvious lack of personal jurisdiction, the name-calling and over-the-top conclusory rhetoric in the complaint, and Mr. Syverson's failure to respond to the motion to dismiss, the Court has considered initiating proceedings to determine if sanctions are appropriate. In the exercise of its discretion, however, the Court will limit itself to warning Mr. Syverson that he will face a sanctions hearing should he file additional papers in this lawsuit or should he initiate another lawsuit that ends up in this Court, if those papers show similar indicators of an improper purpose or abuse of the judicial process. Should the Court find a violation of Rule 11 or an abuse of the judicial process, the Court may impose sanctions, which can include attorney's fees, a fine, dismissal of

claims, limits on future lawsuits, or any other sanction appropriate to the violation or abuse.

It is **ORDERED AND ADJUDGED** that the defendants' motion to dismiss, Doc. 5, is **GRANTED** and this case is **DISMISSED** without prejudice.

It is further **ORDERED** that the plaintiff, Erik Syverson, is **WARNED** that future violations of the applicable Rules of Civil Procedure or abuse of the judicial process may result in appropriate sanctions.

This the 9th day of April, 2019.

UNITED STATES DISTRICT JUDGE